AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
8/6/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: eva DEPTUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
Aug 6, 2020
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY: Nancy Brehme
Deputy Clerk, U.S. District Court

United States of America

v.

RONALD BERNARD WARE

Defendant(s)

Case No.   8:20-mj-00490-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 29, 2020, in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Ryan J. McDuffy, ATF Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: August 6, 2020

**DOUGLAS F. McCORMICK**
*Judge's signature*

City and state: Santa Ana, California

Hon. Douglas F. McCormick, U.S. Magistrate Judge
*Printed name and title*

AUSA R. Adams

**AFFIDAVIT**

I, Ryan McDuffy, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against RONALD BERNARD WARE ("WARE") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF TFO RYAN MCDUFFY

3. I am a Detective with the Brea Police Department ("BPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As a TFO with the ATF, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

4. I am assigned to the ATF Orange County Violent Crime Task Force ("OCVCTF"). The OCVCTF is responsible for among other things, investigating violations of federal law involving criminal street gangs, possession of firearms by prohibited persons, possession of stolen firearms, possession of machineguns, the illegal distribution of firearms and narcotics, and burglaries and violent crime to include robberies. Prior to this assignment with the ATF, I was a BPD Police Officer and have been so employed for approximately three years.

5. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an ATF TFO, I have conducted and participated in numerous investigations of criminal activity, including, but not limited to robberies. Since joining the OCVCTF in 2018, I have specialized in investigations of robberies, firearms violations, drug trafficking, and gang activity. I have participated in the execution of numerous federal and state arrest and search warrants during my career.

### III. SUMMARY OF PROBABLE CAUSE

6. On July 29, 2020, BPD officers were conducting a stolen vehicle investigation inside the parking garage of a hotel. The police officers saw WARE exit the driver's side of a car parked near the stolen vehicle and reposition himself in the front passenger's seat of the car where he watched the officers. A record check of WARE's car showed expired registration and the car registered to a woman. The police officers approached WARE

to question him and smelled marijuana coming from his car. A criminal history check showed WARE was on probation. The police officers found a loaded handgun, in plain view, on the floor of the front passenger seat of WARE's car, directly underneath where WARE had been sitting. WARE is a convicted felon.

### IV. STATEMENT OF PROBABLE CAUSE

7. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. WARE Approached By Police Officers**

8. On or about July 29, 2020, at approximately 3:36 a.m., BPD Officer Morouse ("Officer Morouse") was on patrol in a marked police car, assisting with a stolen vehicle investigation in the parking lot of the Embassy Suites Hotel ("Embassy Suites") located at 900 East Birch Street, Brea, California.

9. Officer Morouse saw a man, later identified as WARE, exit the driver's side door of a blue Chevy Trailblazer, bearing California license plate number 4TLB951 ("the Trailblazer"), that was parked several parking stalls away from the stolen vehicle that the police officers were investigating. WARE walked around the Trailblazer and sat in the front passenger seat. WARE left the front passenger door open and watched the police officers. It appeared WARE had positioned himself in the front passenger seat to get a better of view of the police officers.

10. Officer Morouse conducted a database check of the Trailblazer which showed the car's registration had recently

expired.  In addition, the database check showed the car was registered to a woman.

11.  Officer Morouse and BPD Sergeant Wood ("Sergeant Wood") approached the Trailblazer and contacted WARE through the open front passenger door.  WARE was still seated in the front passenger seat with his left hand down by the floorboard of the car.  Officer Morouse asked WARE if he knew anything about the stolen car.  WARE said he did not know anything about the stolen car.  WARE appeared nervous when speaking to the police officers.  Officer Morouse asked WARE if he was a guest at the hotel.  WARE said he was not a guest at the hotel.  As Officer Morouse spoke to WARE, he could smell the odor of marijuana coming from the Trailblazer.

12.  The police officers asked WARE to exit the Trailblazer.  Initially, WARE resisted the police officers' request to exit the Trailblazer.  Officer Morouse reached inside the open car door and grabbed WARE's hands.  After Officer Morouse began pulling WARE's hands, WARE complied and exited the Trailblazer.

13.  Once the police officers had WARE outside the Trailblazer they asked if they could search WARE and he complied.  The police officers did not find anything during the search of WARE.

14.  Officer Morouse walked WARE to the front of Sergeant Wood's marked police car, which was parked behind the Trailblazer.  Officer Morouse asked WARE who owned the Trailblazer.  WARE said he was the owner of the Trailblazer and

that his girlfriend had purchased the car for him about 6 months prior.

15.   The police officers ran a police database criminal history check of WARE that revealed WARE was on probation for a case in Los Angeles County.  In addition, WARE was currently on bail from a criminal case in Los Angeles County where he was arrested for battery on a police officer.  The criminal history check also revealed that WARE was a convicted felon and prohibited from possessing a firearm.

16.   Officer Morouse walked back to the open front passenger door of the Trailblazer and observed in plain view the handle of a handgun partially shoved under the front passenger seat where WARE had been seated when approached by the police officers.

17.   Officer Morouse immediately returned to the front of Sergeant Wood's marked police car, where WARE was located and placed him in handcuffs.

   **B.   Search of the Trailblazer**

18.   Officer Morouse returned to the Trailblazer and recovered the handgun, a Glock 21 Gen 4 handgun, bearing serial number YUT341, loaded with a magazine containing 12 rounds of .45 caliber ammunition.

19.   Officer Morouse continued his search of the Trailblazer and located a marijuana joint inside the console.

20.   Based on their findings, the police officers placed WARE under arrest for violations of California Penal Code §§ 25850(A) (Carrying a Loaded Firearm in Public), 30305(A)(1)

(Prohibited Person Owning/Possessing Ammunition) and 29800(A)(1) (Felon in Possession of a Firearm) and transported him to the BPD jail.

### C. WARE's Statements

21. At the BPD jail Officer Morouse began reading WARE his Miranda rights, WARE interrupted Officer Morouse and asked for his attorney. Officer Morouse stopped reading WARE the remainder of his Miranda rights and no further questions were asked.

### D. WARE's Criminal History

22. On August 4, 2020, I reviewed a law enforcement criminal history database search for WARE and learned that WARE has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a. On or about May 17, 2004, a violation of California Penal Code § 487(c), Grand Theft, in the Superior Court for the State of California (Pasadena), County of Los Angeles, Case Number GA054813-01;

    b. On or about April 18, 2005, a violation of California Penal Code § 422, Criminal Threats, in the Superior Court for the State of California (Pasadena), County of Los Angeles, Case Number PASGA06057401;

    c. On or about January 29, 2007, a violation of California Penal Code § 11350(a), Possession of a Controlled Substance, in the Superior Court for the State of California (Glendale), County of Los Angeles, Case Number GLNGA06841001; and

      d.   On or about February 11, 2013, a violation of California Penal Code § 11351.5, Felon in Possession of a Firearm, in the Superior Court for the State of California (Los Angeles), County of Los Angeles, Case Number ALHGA08469501.

**E.**   **Interstate Nexus**

16.  On August 4, 2020, I provided a verbal description of the handgun to ATF Special Agent ("SA") Jeff Davis, an ATF Interstate Nexus Expert.  Based on the description of the handgun I provided, SA Davis confirmed that the handgun was manufactured outside of the State of California.  Because the handgun was found in California, I believe that it has traveled in and affected interstate commerce.

### V.  CONCLUSION

23. For all of the reasons described above, there is probable cause to believe that WARE has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  6th  day of
August, 2020.

**DOUGLAS F. McCORMICK**
---
HONORABLE DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE