CUAUHTEMOC ORTEGA
Federal Public Defender
KELLEY MUNOZ (Bar No. 211583)
Deputy Federal Public Defender
(Kelley_munoz@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
RONALD WARE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> RONALD BERNARD WARE, <br><br> Defendant. | Case No. SA CR 20-110-CJC <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION; EXHIBITS** <br><br> Date: January 21, 2021 <br> Time: 9:00 a.m. |

TO: UNITED STATES ATTORNEY NICOLA T. HANNA AND ASSISTANT UNITED STATES ATTORNEY DANIEL AHN AND MELISSA RABBANI:

Please take notice that on January 21, 2021 at 9:00 a.m., or on such other date and time as may be set by the Court, in the courtroom of the Honorable Cormac J. Carney, United States District Judge, defendant Ronald Ware, through his attorney of record, Deputy Federal Public Defender Kelley Munoz, will and does hereby move this Honorable Court for an order dismissing the Indictment with prejudice for violation of the Speedy Trial Act and Sixth Amendment.

//
//

1  This motion is based on the attached memorandum of points and authorities, all
2  pleadings and records in this matter, and any further argument as may be presented at
3  the hearing on this matter.

                            Respectfully submitted,

                            CUAUHTEMOC ORTEGA
                            Federal Public Defender

DATED: December 16, 2020    By  /s/ *Kelley Munoz*
                                        KELLEY MUNOZ
                                        Deputy Federal Public Defender

## **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL AND PROCEDURAL HISTORY ........................................................ 1

III. ANALYSIS .............................................................................................................. 2

    A.    January 21, 2021 is the 70th and last day to bring Mr. Ware to trial ........... 3

    B.    Under the Speedy Trial Act, the Indictment should be dismissed with prejudice. .................................................................................................... 4

        1.    Seriousness of the offense .................................................................. 4

        2.    The facts and circumstances of the case leading to dismissal ........... 4

        3.    The impact of a reprosecution on the administration of justice ........ 6

        4.    Prejudice to Mr. Ware .......................................................................... 7

    C.    Mr. Ware's Sixth Amendment Speedy Trial Right is also violated. ........... 7

IV. CONCLUSION ..................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Approval of Judicial Emergency Declared In Cent. Dist. of California*,
  955 F.3d 1141 (9th Cir. 2020) ................................................................................ 4

*Harvest Rock Church v. Newsom*,
  2020 WL 7061630, __ S.Ct. __ (Dec. 3, 2020).. ................................................... 10

*Roman Catholic Diocese of Brooklyn, v Cuomo*,
  2020 WL 6948354, ............................................................................................... 10

*Roman Catholic Diocese of Brooklyn, v Cuomo*,
  592 U.S. __ (2020) ................................................................................................ 10

*United States v. Clymer*,
  25 F.3d 824 (9th Cir. 1994) ................................................................................ 5, 6

*United States v. Lloyd*,
  125 F.3d 1263 (9th Cir. 1997) ................................................................................ 7

*United States v. Loud Hawk*,
  474 U.S. 302 (1986) ................................................................................................ 9

*United States v. Ramirez*,
  973 F.2d 36 (1st Cir. 1992) ............................................................................. 5, 6, 7

*United States v. Taylor*,
  487 U.S. 326 (1988) ........................................................................................... 4, 7

**Statutes**

18 U.S.C. § 922(g) ..................................................................................................... 2, 5

18 U.S.C. §924(a)(1)(D)(2) ............................................................................................ 5

18 U.S.C. § 3161(c)(1) ........................................................................................... 2, 3, 4

18 U.S.C. § 3162(a)(1) ................................................................................................... 4

18 U.S.C. §3162(a)(2) .................................................................................................... 3

18 U.S.C. §3174 ............................................................................................................. 4

18 U.S.C. §3559(a)(3) .................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Ronald Ware is charged in a single count indictment with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). Trial is currently scheduled for January 19, 2021. The 70th day for purposes of the Speedy trial Act is January 21, 2021. Should Mr. Ware not be brought to trial by the 70th day, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, the Court should dismiss the Indictment against Mr. Ware. Additionally, given the mandatory and essential nature of the United States Constitution, the indefinite suspension of jury trials in the Central District violates Mr. Ware's Sixth Amendment right to a speedy trial. Both violations merit dismissal with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

After Mr. Ware's arrest by Brea Police Department on July 29, 2020, he was originally charged in Orange County Superior Court under case number 20NF1992 for the instant allegations. Exhibit A. He was arraigned on July 30, 2020 in Superior Court. On August 6, 2020, the federal Complaint was filed at docket entry no. 1 in case SA 20-490-M. The next day, August 7, 2020, the Orange County District Attorney dismissed its case.

Mr. Ware first appeared in this district on the Complaint on August 11, 2020. The Indictment, which was filed on August 19, 2020, charges Mr. Ware with a violation of 18 U.S.C. § 922(g), felon in possession of a firearm and ammunition. Dkt. 13. Mr. Ware was detained on the government's motion. Dkt. 6, 7.

The 70 day Speed Trial Act clock would have originally required trial to commence no later than October 28, 2020. Mr. Ware waived post-indictment arraignment, and the Magistrate Judge set a trial date of October 27, 2020. Dkt.18-19.

1  Based on a stipulation to continue the trial to January 19, 2021, the Court so
2  ordered, excluding time from October 27, 2020 through January 19, 2021.  Dkt. 20.  At
3  that point, 68 days had run pursuant to the Speedy Trial Act.
4  On November 18, 2020, the government filed an ex parte application seeking to
5  continue the trial to May 11, 2021, which Mr. Ware opposed.  Dkt. 30, 31.  On
6  November 20, 2021, the Court denied the continuance and requested that jurors be
7  summoned.  Dkt. 32.
8  On December 3, 2020, the Chief Judge for the Central District of California
9  denied the request for jurors.  Dkt. 38.  On the same date, this Honorable Court issued
10 an order directing the filing of this motion on December 16, 2020, and setting a hearing
11 date of January 21, 2021.  Dkt. 40.[1]
12 When the Speedy Trial Act clock begins to run again, 2 days will remain.  Thus,
13 as of January 21, 2021, the 70th day of non-excludable time will be reached.

## III. ANALYSIS

15 The Speedy Trial Act ("STA") of 1974, as amended, requires that:
16 [T]he trial of a defendant charged in an information or an indictment with
17 the commission of an offense shall commence within seventy days from
18 the filing date (and making public) of the information or indictment, or
19 from the date the defendant has appeared before a judicial officer of the
20 court in which such charges is pending, whichever date last occurs.
21 18 U.S.C. § 3161(c)(1). The Act also provides for "periods of delay" that are excluded
22 in calculating the seventy days. *See* § 3161(h).

---

[1] Mr. Ware files this motion on December 16, 2020, prior to expiration of the 70 day Speedy Trial limit, and with greater than the 28 days' notice required by Local Rule (Civ.) 6-1, as directed by the Court's order of December 3, 2020.  Dkt. 40.

2

"If a defendant is not brought to trial within the time limit required by §3161(c) as extended by §3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. §3162(a)(2). "The defendant shall have the burden of proof of supporting such motion but the government shall have the burden of going forward with the evidence in connection with an exclusion of time under subparagraph 3161(h)(3)." 18 U.S.C. §3162(a)(2).

## A. January 21, 2021 is the 70th and last day to bring Mr. Ware to trial.

Assuming the Court decides all pending pretrial motions, including the instant motion, on or before the last day to try Mr. Ware, there will be no further excludable time after January 21, 2021. The indefinite suspension of jury trials in this district remains in effect, *see* C.D. Cal General Order 20-09, and therefore jury trials are not expected to resume by that date. Any day after the set trial date of January 19, 2021 through January 21, 2021, which is the last day of the 70 day period, and any day thereafter is not excludable under any exception under 18 U.S.C. § 3161, including the ends of justice exception. *But see In re Approval of Judicial Emergency Declared In Cent. Dist. of California*, 955 F.3d 1141 (9th Cir. 2020).

Mr. Ware objects to any augment that *In re Approval of Judicial Emergency Declared In Cent. Dist. of California*, 955 F.3d 1141 (9th Cir. 2020) should apply to his case to extend the normal Speedy Trial Act limits. The Judicial Council relied on 18 U.S.C. §3174, a statute which does not define what constitutes an emergency, to approve extension of the Speedy Trial Act's 70 day limit. However, that approval, entered in April 9, 2020, does nothing to make specific findings as to the circumstances which exist as to Mr. Ware's case filed many months later. Here, this Court has made a specific finding as to Mr. Ware's January 19, 2021 trial date that "it is certainly possible to conduct a jury trial for Mr. Ware in the federal courthouse in Orange County." Dkt. 32.

**B. Under the Speedy Trial Act, the Indictment should be dismissed with prejudice.**

The Court should dismiss the indictment against Mr. Ware with prejudice. In deciding whether to dismiss with prejudice, the STA requires that the Court consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). The Court should also consider the prejudice to Mr. Ware as a relevant but not a dispositive factor. *See United States v. Taylor*, 487 U.S. 326, 334 (1988). These factors weigh against permitting the government to re-indict this case.

    **1.    Seriousness of the offense**

The offense charged in this case is a Class C felony carrying a potential statutory range of zero to ten years making Mr. Ware's alleged offense among the mid-grade for a felony where offenses are classified from A to E. 18 U.S.C. §922(g); 18 U.S.C. §924(a)(1)(D)(2); 18 U.S.C. §3559(a)(3). There is no mandatory minimum sentence upon conviction. Indeed, in *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994), the Ninth Circuit affirmed the dismissal with prejudice of an indictment charging an even more serious offense--conspiracy to distribute methamphetamine and aiding and abetting manufacture of methamphetamine with a potential mandatory minimum sentence of 20 years. Unlike in *Clymer*, Mr. Ware faces no mandatory minimum sentence. As in *Clymer*, however, the other factors in this case weigh so strongly in favor of dismissal with prejudice that the seriousness of the offense alone does not control.

    **2.    The facts and circumstances of the case leading to dismissal**

The second factor weighs in favor of dismissal with prejudice because the United States District Court for the Central District of California or the government caused the violation. *See United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992) (recognizing

that even where no malice "[w]hen a STA violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice."). Neither the Central District nor the government have publicly implemented protocols for restarting jury trials, despite having since at least March of 2020 to develop them.

This is also despite carrying out many of its other essential functions during much of the course of the pandemic, including duty court proceedings for new arrests and the resumption of grand jury proceedings issuing indictments including the instant indictment of Mr. Ware.[2] Nor is there any public suggestion or information when it anticipated by the Central District or the government that federal criminal jury trials will resume. Rather, pursuant to Central District General Orders 20-08 and 20-09, the Central District would not institute jury trials until it decides to enter Phase 3 on a date yet to be determined with the juror summons process taking at least 7 weeks once resuming.

Meanwhile, our closest neighbors, Orange County Superior Court resumed jury trials during the pandemic, having held more than a hundred, and has plans in place that this district can look to for guidance. Exhibit B-D. In fact, this very case against Mr. Ware began in the Orange County Superior Court before it was later taken over by the federal government and brought to the Central District where Mr. Ware cannot have a trial for the indefinite future. Exhibit A. Yet jury service remains ongoing in Superior Court.

Similarly, many schools are in session in person in Orange County, implementing protocols for mask-wearing, plexiglass barriers, physical distancing within classrooms, and additional cleaning. Exhibits E-L. College football games are

---

[2] After convening for many months, the Grand Jury is temporarily suspended from December 9, 2020 at 5:00 p.m. through January 8, 2021, while duty court for new arrests remains ongoing. *See* Order of the Chief Judge 20-179.

being played, including a game between two Los Angeles teams, UCLA and USC, as recently as December 12, 2020.  Exhibits M-N.

Even under the state's most recent stay at home orders governing non-essential activities, retail remains open at modified capacity.  A person ordered to stay at home by the state can leave their home and enter a department store or boutique to buy non-essential goods such as a picture frame, a roll of tape, or a pair of earrings while Mr. Ware is indefinitely denied his constitutional and statutory right to a jury trial.  More telling is that California Governor Newsom did not forbid jury duty service under the December 2020 stay at home order.  Exhibit O.

While there is no denying that these are unusual times, logistical concerns cannot outweigh statutory rights that flow from fundamental Constitutional protections. *See Ramirez,* 973 F.2d at 38-39 (affirming dismissal with prejudice and concluding that even though the violation stemmed from an oversight and not malice, that is "no excuse for a STA violation").  Moreover, "the length of the delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.'" *Clymer*, 25 F.2d at 832 (quoting Taylor, 487 U.S. at 340)).  By the time of Mr. Ware's trial date set for January 19, 2021, jury trials will have been suspended for approximately 10 months with no target end date in sight.  Criminal trials simply cannot be put off endlessly while Mr. Ware and other defendants sit in pretrial detention when the CDC has recommended modifications to keep people healthy such as mask wearing.  Exhibit P.

### 3. The impact of a reprosecution on the administration of justice

The third factor also weighs in favor of dismissal with prejudice because re-prosecution would undermine the purpose of the STA and compromise the administration of justice, whereas dismissal with prejudice would be more likely prompt procedural change to reduce delay.  *Ramirez,* 973 F.2d at 39.

"Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under §

3162 to compel courts and prosecutors to work in furtherance of that goal." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). There will be no speedy administration of justice if the government is given separate and successive 70-day periods in which to bring a defendant to trial simply by refiling the same charge. This is especially true given that the government cannot expect it will even be able to bring the defendant to trial on a certain date in the near future.

This is not "an isolated unwitting violation." *Taylor*, 487 U.S. at 339. Rather, the Central District and the government continue to sanction and implement a broad denial of the STA district wide. Indeed, the government has continued to indict and arrest new defendants in this district during the pandemic, including Mr. Ware, seeking pretrial detention in many of those same cases, while at the same time arguing for continuances of jury trials over Mr. Ware and other defendant's objections. This undermines the purpose of the STA and negatively impacts the administrative of justice. A meaningful sanction is necessary to curtail disregard for the duty to bring criminal cases to trial within statutory and constitutional limits. *Id.* at 342 ("It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays.").

### 4. Prejudice to Mr. Ware

Fourth, Mr. Ware will be prejudiced by delay of his trial. Mr. Ware has been in federal detention since August of 2020, denied bail on the government's motion for detention. Beyond the anxiety caused by the pending charge, he has been separated from his family and unable to work to contribute to support his children. Moreover, he has been prevented even from having visitation from family and friends due to the cancelation of social visiting during the pandemic. Dkt. 6 & 7.

### C. Mr. Ware's Sixth Amendment Speedy Trial Right is also violated.

The indictment should also be dismissed for the independent violation of Mr. Ware's constitutional right to a speedy trial. This inquiry is guided by the factors set

forth in *Barker v. Wingo*—"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"—each of which warrant dismissal. *Barker,* 407 U.S. at 530.

The length of delay favors dismissal. While any delay as of January 21, 2021 will be at the Speedy Trial Act's limit, the further delay ensuing by the indefinite suspension of jury trials would be due to the Central District's and government's refusal to implement Phase 3 protocols for jury trials which have been suspended since March of 2020 and remain suspended indefinitely. Though without malice, this fact should be considered since the ultimate responsibility for such circumstance does not rest with Mr. Ware. By the time of the hearing on this motion, the Central District will not have held a criminal jury trial in approximately 10 months, with no firm date for resumption of Phase 3 jury trials.

Mr. Ware objected to further continuance of his trial date when he opposed the government's ex parte application to continue the trial and, in any event, the idea that the failure of the defendant to demand a trial gives rise to a finding of waiver has been rejected. *Barker*, 407 U.S. at 530. The government's efforts to seek to continue the trial, citing largely to public health orders and the Central District's general orders, contrasts with the Department of Justice's earlier stance about the supremacy of Constitutional mandates. For example, on May 22, 2020, the Department of Justice sent a letter to Los Angeles Mayor Eric Garcetti and Health Department Director Barbara Ferrer explaining that the Department of Justice is "charged with protective the federal statutory and constitutional rights of all persons in our country, and ensuring that governmental restrictions are not unconstitutionally burdensome." Exhibit Q. United States Attorney Nicola T. Hanna was listed as the point of contact for any further discussion. The Department of Justice then recognized that "[s]imply put, there is no pandemic exception to the U.S. Constitution and its Bill of Rights." Exhibit Q.

      Finally, prejudice under the Sixth Amendment is not limited exclusively to pretrial incarceration. Though the Sixth Amendment serves to minimize oppressive pretrial incarceration, it also serves to minimize the "anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986)(citation omitted).  During the pendency of these charges, Mr. Ware suffers great stress pertaining to the pending charge, as well not being able to see his children, nor work to support them, due to his detention without bond.

      The United States Supreme Court has recognized the supremacy and essential nature of the Constitution, even during the Covid-19 pandemic, over restrictions imposed by local governments.  In *Roman Catholic Diocese of Brooklyn, v Cuomo*, 2020 WL 6948354 *3, 592 U.S.__ (Nov. 25, 2020), the Supreme Court reviewed emergency applications for injunctive relief on behalf of religious institutions suing the Governor of New York for allegations that pandemic related occupancy restrictions in houses of religion violated the Constitutional right to free exercise of religion under the First Amendment.  The Supreme Court recognized that the "applicants have clearly established their entitlement to relief pending appellate review," and "have shown that their First Amendment claims are likely to prevail, that denying them relief would lead to irreparable injury, and that granting relief would not harm the public interest." *Id.* at *1.

      Regarding Covid-19 restrictions imposed by California Governor Newsom as weighed against mandates of the United States Constitution, the Supreme Court has indicated *Roman Catholic Diocese of Brooklyn* must be observed.  *See Harvest Rock Church v. Newsom*, 2020 WL 7061630, __ S.Ct. __ (Dec. 3, 2020)(remanding for further consideration in light of *Roman Catholic Diocese of Brooklyn, v Cuomo*, 592 U.S. __ (2020)).

Dismissal of this indictment with prejudice based both on violations of the Speedy Trial Act and the Sixth Amendment would affirm that "even in a pandemic, the Constitution cannot be put away and forgotten." *Roman Catholic Diocese of Brooklyn,* 2020 WL 6948354 *3.

## IV. CONCLUSION

For the foregoing reasons, the Indictment should be dismissed with prejudice on Speedy Trial Act and Constitutional violations.

                                                                Respectfully submitted,

                                                                CUAUHTEMOC ORTEGA
                                                                Federal Public Defender

DATED: December 16, 2020               By /S/ Kelley Munoz
                                                               Kelley Munoz
                                                                Deputy Federal Public Defender